**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip John Stephen Cortez, | No. CV-17-00579-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| John McAdorey, | |
| Defendant. | |

Before the Court is Plaintiff Phillip John Stephen Cortez's Motion for Appointment of Counsel (Doc. 24). For the following reasons, Plaintiff's Motion is DENIED without prejudice.

On September 18, 2020, the Court entered its Screening Order of Plaintiff's First Amended Complaint ("FAC") (Doc. 14) directing Defendant John McAdorey to answer Count One and dismissing the remaining claims and defendants without prejudice. (Doc. 23) In Count One of Plaintiff's FAC, Plaintiff alleges that Defendant McAdorey failed to protect him by involving Plaintiff in an effort to influence other inmates to sign Integrated Housing Program ("IHP") forms at Plaintiff's correctional institution. (Doc. 14 at 6-8)

On September 28, 2020, Plaintiff filed the Motion at hand stating his imprisonment will limit his ability to litigate his claim, he has limited knowledge of the law, and that he will need the assistance of counsel at trial to present evidence and cross examine witnesses. (Doc. 24 at 1-2).

Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent a person proceeding in forma pauperis who is unable to afford counsel. While the Court fails to have the power to make mandatory appointments of counsel in civil cases, section 1915(e)(1) enables the Court to request assistance from volunteer counsel. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798 (9th Cir. 1986). The Court notes Plaintiff's *in forma pauperis* application was granted on February 9, 2018. (Doc. 10)

In determining whether to request assistance from volunteer counsel, the Court considers "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.' " *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915[(e)(1)]." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)

In his Motion, Plaintiff asserts that his case has merit and that "most" requirements for appointment of counsel have been met. (Doc. 24 at 2) Plaintiff's conclusory statement fails to demonstrate a likelihood of success on the merits. The Court also finds that Plaintiff's alleged difficulty in presenting his claims is not based on the complexity of the legal issues involved but rather on the general difficulty of litigating his cause *pro se*. To date, Plaintiff has done a credible job in presenting motions and filing supporting papers on behalf of his case.

Finally, the Court notes that Plaintiff has made no showing that he has attempted to obtain counsel on his own accord. Accordingly, the Court DENIES Plaintiff's request for voluntary counsel without prejudice and grants him leave to file an amended motion to appoint counsel in the event his case proceeds to trial.

**IT IS SO ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. 24) is DENIED WITHOUT PREJUDICE.

2. Plaintiff is GRANTED LEAVE to file an amended motion for appointment of counsel should his case proceed to trial.

Dated this 30th day of September, 2020.

*Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge